From George Ross Eshleman, Lancaster, Pa.

## Heberly v. Heberly et al.

*Edward D. Trexler*, for plaintiff and rule.

*R. G. Bushong*, for defendant Fetterman.

MAYS, J., Dec. 8, 1928.—Richard D. Heberly, one of the defendants, under date of July 23, 1923, executed a mortgage on certain real estate in the Borough of Kutztown, Berks County, in the sum of $6000, conditioned for the payment to plaintiff of the just sum of $3000, "in instalments of $100 annually, to be paid each and every year, if the mortgagee (the plaintiff) so requests, and, in addition, all taxes are to be paid by the mortgagor, these payments being in lieu of any interest payments on the principal or unpaid balance, and no interest is to accrue and become augmented to the principal sum of $3000 or balance thereof." Then follows the provision that "at the death of Louise I. Heberly, the mortgagee, all payments shall stop and cease, and the mortgage and bond shall become null and void and automatically satisfy itself as a lien or obligation."

The præcipe for the *sci. fa.* sets forth (1) a default in the payment of the sum of $100 due July 23, 1927, the payment of which was requested by the mortgagee from the mortgagor; and (2) a default in the payment of taxes for the year 1926, a sale of the personal property of the mortgagor and a deficiency claim of $17.49.

An affidavit of defense was filed by Clinton H. Fetterman, the real owner, in which, as to the first default, he denies that there was a demand for the payment of the instalment of $100 due July 23, 1927. As to the second default, he avers that there is no provision permitting the mortgagee to declare the whole amount of the mortgage debt due on account of a default in the payment of taxes; that no demand was made upon him previous to the bringing of the present suit for the payment of the sum of $17.49; that prior to the service of papers in the said suit he had no knowledge of the claim; and that, on Oct. 5, 1928, he tendered to the plaintiff the sum of $117.27, representing the instalment and the balance of taxes, which was refused by the plaintiff.

The plaintiff, on Oct. 18, 1928, entered a rule on the defendants to show cause why judgment should not be entered against them for the whole amount of the plaintiff's claim, made up as follows: Balance due on principal, $2700, with interest from Sept. 20, 1928, at 6 per cent.; unpaid taxes for 1926, $17.49; attorney's fees, $135.

The plaintiff, in the brief of argument filed, concedes that as to the first allegation of default there is an issue of fact which should be submitted to a jury. Plaintiff, however, asks for judgment on the second averment of default.

The question of law that is involved under the pleadings is whether a mortgagor's failure to pay taxes on the mortgaged premises is a default which will make the mortgage debt become due and collectible immediately, where there is no such provision in the mortgage, but merely a requirement that the mortgagor pay the taxes.

In deciding this question, we should ascertain what was the actual intention of the parties at the time of the execution and delivery of the mortgage, and this should be our guide in construing their contract. If it can be ascertained, and is lawful, it must control. A careful reading of the mortgage leads to the discovery that there is no provision for a *scire facias sur* mortgage in connection with the non-payment of taxes. It should be noted that this is a rather unusual mortgage. A careful reading of its terms leads to the conclusion that the parties intended the payment of the principal or instalments as they became due to be the primary purpose of the obligation. The covenant to pay the taxes was collateral to the main purpose. Had the parties intended that the failure to pay taxes was to be such a default as to make the mortgage debt become due and payable, they would undoubtedly have provided therefor. What is said by Mr. Justice Paxson in Girard Life Ins. Co. *v.* Philadelphia, 88 Pa. 393, 396, is quite significant: "With equal reason might a mortgagee complain of arrears of taxes which are sometimes allowed to accumulate on the property mortgaged. For the last few years this has been a more serious peril to mortgagees than the accumulation of water rents. The analogy between the cases is believed to be complete, for while, in the latter instance, there is the ordinance referred to for detaching the ferrules, yet, as before stated, that provision was intended solely for the benefit of the city and not for the water tenants or their mortgagees. Both evils may be avoided, in my opinion, by a provision in the mortgage, that at stated periods in each year the mortgagor shall produce to the mortgagee the evidence of the payment of taxes and water rents, and that default in such payment shall make the mortgage debt become due and payable, with a *scire facias* clause, as in the case of the non-payment of interest on the mortgage. Indeed, I am informed that this is now done in many instances."

The rule for judgment is discharged.

From Charles K. Derr, Reading, Pa.